# In the United States Court of Federal Claims

**NOT FOR PUBLICATION**

|   |   |
|---|---|
| BETTY ALEXIDOR,<br><br>     *Plaintiff*,<br><br>v.<br><br>THE UNITED STATES OF AMERICA,<br><br>     *Defendant*. | No. 21-2283<br>(Filed: April 1, 2022) |

*Betty Alexidor*, *Pro Se*, Pembroke Pines, FL.

*Matney E. Rolfe*, Trial Attorney, U.S. Department of Justice, Civil Division, Commercial Litigation Branch, Washington, D.C., with whom were *Elizabeth M. Hosford*, Assistant Director, *Patricia McCarthy*, Director, and *Brian M. Boynton*, Acting Assistant Attorney General, for Defendant.

## OPINION AND ORDER

**LERNER**, *Judge*.

  Plaintiff Betty Alexidor, appearing *pro se*, filed a complaint in this Court on December 8, 2021, asserting claims relating to the Office of Personnel Management's ("OPM") denial of her application for disability retirement benefits. Ms. Alexidor alleges that she earned these benefits through her previous employment with the United States Postal Service. Compl. (Docket No. 1). The Complaint contains sparse information, and the "Statement of the Claim" section includes only the notation, "NA." Compl. A-6. Liberally construed, the Complaint suggests the following claims: (1) OPM erred by denying Ms. Alexidor's disability retirement application; (2) OPM erred by refusing to correct her record "to reflect disability retirement status"; and possibly (3) the Merit Systems Protection Board ("MSPB" or "the Board") erred in upholding OPM's decision.[1] Compl. A-5. Plaintiff seeks back pay of disability retirement benefits in excess of $10,000, a refund of health benefit premium payments, and the correction of her employment record. *Id.* at A-7.

---

[1] Courts must "liberally construe[]" *pro se* pleadings, and "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94–95 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, "there is no 'duty [on the part] of the trial court to create a claim which [a plaintiff] has not spelled out in his [or her] pleading." *El v. United States*, 144 Fed. Cl. 741, 748 (Fed. Cl. 2019) (alteration in original) (citing *Lengen v. United States*, 100 Fed. Cl. 317, 328 (Fed. Cl. 2011)).

On February 24, 2022, the Government timely moved to dismiss Plaintiff's claims for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Rules of the Court of Federal Claims ("RCFC"). Def.'s Mot. (Docket No. 8).[2] Also before the Court are Plaintiff's Motion for Leave to Proceed *in forma pauperis* (Docket No. 3) and Plaintiff's Motion for Oral Argument (Docket No. 13). For the reasons discussed below, the Court does not have subject matter jurisdiction over Plaintiff's claims. Accordingly, Defendant's Motion to Dismiss must be **GRANTED**.

### I.  Procedural Background

On October 21, 2021, OPM denied Ms. Alexidor's application for disability retirement benefits as untimely. Compl. A-5. On October 27, 2021, Ms. Alexidor filed an appeal with the MSPB. Pl.'s Ex. 2 (Docket No. 1-1). On December 2, 2021, after filing a complaint in this Court, Ms. Alexidor filed a motion with the MSPB requesting that the Board stay the action pending resolution of her claims before this Court. Pl.'s Ex. 1. The parties' exhibits do not indicate whether the MSPB ruled on this motion. Nevertheless, on January 31, 2022, the MSPB issued a ruling affirming OPM's denial of Ms. Alexidor's application for disability retirement benefits as untimely. Def.'s Ex. 4 (Docket No. 8-1).

### II.  Legal Analysis

The Tucker Act provides this Court jurisdiction over "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). However, a complaint will be dismissed for failure to establish jurisdiction under the Tucker Act if the plaintiff "fail[s] to identify any statute or regulation that entitles Plaintiff to receive money damages from the Government." *See, e.g.*, *Sindram v. United States*, 67 Fed. Cl. 788, 795 (2005). A court has no choice but to dismiss a complaint "in its entirety" when it finds that it lacks subject matter jurisdiction. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 502 (2006); *see also* RCFC 12(h).

Although courts must liberally construe *pro se* plaintiffs' filings, plaintiffs still bear the burden of establishing subject matter jurisdiction by a preponderance of the evidence. *Curry v. United States*, 787 F. App'x 720, 722 (Fed. Cir. 2019) (citing *Taylor v. United States*, 303 F.3d 1357, 1359 (Fed. Cir. 2002); *Kelley v. Sec'y, U.S. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987)). Here, Plaintiff has not met this burden and, accordingly, the Court must dismiss her Complaint.

First, the Court cannot rule on Ms. Alexidor's claims regarding OPM's decision because only the MSPB has authority to hear appeals of OPM decisions regarding an employee's benefits under the Federal Employee Retirement System. *See* 5 U.S.C. § 8461(e)(1); *see also Pueschel v. United States*, 297 F.3d 1371, 1378 (Fed. Cir. 2002) (citing *McClary v. United States*, 775 F.2d 280, 282 (Fed. Cir. 1985)) (stating that the Court of Appeals for the Federal Circuit has "long held that the Court of Federal Claims does not have jurisdiction over a case that could be

---

[2]  Plaintiff did not file a response to Defendant's Motion to Dismiss.

heard by the MSPB"). In addition, to the extent Ms. Alexidor is also asking the Court to review the MSPB's January 31, 2022 ruling affirming OPM's decision, this Court lacks jurisdiction to conduct such a review because the Federal Circuit, by statute, has exclusive jurisdiction over appeals of MSPB decisions regarding retirement matters. *See* 5 U.S.C. § 7703(b)(1); *see also Lindahl v. Office of Personnel Management*, 470 U.S. 768, 770 (1985).

### III.     Conclusion

For the foregoing reasons, Defendant's Motion to Dismiss is **GRANTED** and the case is **DISMISSED** with prejudice. Plaintiff's Motion for Leave to Proceed *in forma pauperis* is **GRANTED** for the limited purpose of granting Defendant's Motion to Dismiss, and Plaintiff's Motion for Oral argument is **DENIED** as moot. The Clerk of the Court is directed to enter judgment accordingly.

**IT IS SO ORDERED.**

 s/ Carolyn N. Lerner
CAROLYN N. LERNER
Judge